UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN DONAHOE,<br><br>                    Petitioner,<br><br>     v.<br><br>WASHINGTON STATE DIRECTOR OF CORRECTIONS,<br><br>                    Respondent. | No. C13-5513 RJB/KLS<br><br>ORDER DECLINING SERVICE AND GRANTING LEAVE TO AMEND |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4.  On June 25, 2013, Petitioner Kevin Donahoe filed a Petition for Writ of Habeas Corpus.  ECF No. 1.  The Court will not direct service of the petition, however, as it appears to be deficient.

In his petition, Mr. Donahoe seeks to challenge a February 14, 2013 conviction by guilty plea.  ECF No. 1.  Mr. Donahoe states that he has not filed any appeal in the Washington state courts because by entering into a plea agreement, he waived his right to a direct appeal.  He acknowledges, however, that he maintained his right to collaterally attack his conviction.  Mr. Donahoe does not indicate whether he has, in fact, filed a personal restraint petition in the Washington state courts.  *Id.*, p. 4.

Mr. Donahoe is advised that he may pursue federal habeas relief only *after* he has exhausted his state judicial remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).   The exhaustion of state court remedies is a prerequisite to the

ORDER - 1

granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

In addition, Mr. Donahoe has filed a petition for writ of habeas corpus naming the "Washington State Director of Corrections" as Respondent. ECF No. 1. The proper respondent to a habeas petition is the "person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243; *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). According to his petition, Mr. Donahoe is currently confined at the Washington Corrections Center in Shelton, Washington. The Superintendent of the Washington Corrections Center is Scott Russell.

Accordingly, the Court shall not serve the petition. Mr. Donahoe shall file by no later than **August 9, 2013**, an amended petition under 28 U.S.C. § 2254 showing that his grounds for federal relief have been properly exhausted in state court or show cause why this matter should not be dismissed. The Clerk shall send a copy of this Order to Mr. Donahoe and the Court's form petition for 28 U.S.C. § 2254 petitions.

**DATED** this 8th day of July, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2