UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN DONAHOE,

                Petitioner,

   v.

WASHINGTON STATE DIRECTOR OF CORRECTIONS,

                Respondent.

No. C13-5513 RJB/KLS

**REPORT AND RECOMMENDATION**
**Noted For: August 23, 2013**

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4.  On June 25, 2013, Petitioner Kevin Donahoe filed a Petition for Writ of Habeas Corpus.  ECF No. 1.  The Court declined to serve the petition and ordered Petitioner to file an amended petition under 28 U.S.C. 2253 showing that his grounds for federal relief have been properly exhausted in state court or show cause why this matter should not be dismissed.  ECF No. 3.  Petitioner has not filed an amended petition or response.

**DISCUSSION**

In his petition, Mr. Donahoe seeks to challenge a February 14, 2013 conviction by guilty plea.  ECF No. 1.  Mr. Donahoe states that he has not filed any appeal in the Washington state courts because by entering into a plea agreement, he waived his right to a direct appeal. He acknowledges, however, that he maintained his right to collaterally attack his conviction.  Mr. Donahoe does not indicate whether he has, in fact, filed a personal restraint petition in the Washington state courts.  *Id.*, p. 4.

REPORT AND RECOMMENDATION - 1

Mr. Donahoe was advised that he may pursue federal habeas relief only *after* he has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).  Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum.  *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

In addition, Mr. Donahoe's petition included the "Washington State Director of Corrections" as Respondent.  ECF No. 1.  Petitioner was advised that the proper respondent to a habeas petition is the "person who has custody over [the petitioner]."  28 U.S.C. § 2242; *see also* § 2243; *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).  According to his petition, Mr. Donahoe is currently confined at the Washington Corrections Center in Shelton, Washington.  The Superintendent of the Washington Corrections Center is Scott Russell.

## CONCLUSION

Petitioner was ordered to file an amended petition under 28 U.S.C. § 2254 showing that his grounds for federal relief have been properly exhausted in state court or show cause why this matter should not be dismissed.  He has failed to do so.  His habeas petition should be denied without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written

REPORT AND RECOMMENDATION - 2

objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 23, 2013**, as noted in the caption.

**DATED** this  6th  day of August, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3